UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JESUS ARMANDA MERA-VELASTEGUI,<br><br>Petitioner,<br><br>-v-<br><br>KENNETH GENALO, *et al.*,<br><br>Respondents. | : | 26 Civ. 5734 (JPC)<br><br><u>ORDER</u> |

JOHN P. CRONAN, United States District Judge:

Earlier today, July 6, 2026, Petitioner initiated this case by filing a Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241. Dkt. 1. Petitioner also filed an application asking the Court to order Respondents to show cause why his Petition should not be granted, to order an expedited briefing schedule on his Petition, and to temporarily retrain Respondents from transferring him outside this District. Dkt. 2 at 4. As of the time of this Order, this case has not yet been assigned to a District Judge. At 9:30 p.m. this evening, counsel for Petitioner sent the filings in this case to the undersigned as the Part 1 Judge, requesting expedited review.

Upon receiving a petition under 28 U.S.C. § 2241, a "court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243. Here, however, Petitioner requests more immediate relief in the form of an order "[t]emporarily restrain[ing] Respondents from transferring Petitioner outside the Southern District of New York pending resolution of this habeas proceeding absent leave of Court." Dkt. 2 at 4. Although Petitioner contends that a transfer out of this District would "risk frustrating this Court's jurisdiction over the pending habeas petition," *id.* ¶ 11, when a habeas petitioner "files a petition naming [his] immediate custodian, the District Court retains jurisdiction" to rule on the petition notwithstanding

any subsequent transfer, *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004). Petitioner also does not offer any reason why he faces a "risk" of transfer or, even assuming that to be the case, explain why such transfer "would substantially impair attorney-client communications[ and] impede meaningful access to counsel and family support," Dkt. 2 ¶ 11, particularly given the possibility of Petitioner's counsel and family having in-person or telephonic contact with him wherever his place of detention may be.

Petitioner's motion for an order temporarily restricting his transfer out of this District therefore is denied. *Cf. Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974) ("[O]ur entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute."). This Order is without prejudice to the Judge to whom this action is assigned reconsidering whether such relief is appropriate. Similarly, this Court denies Petitioner's request that it set an expedited briefing schedule, so that the assigned Judge may determine the appropriate schedule.

SO ORDERED.

Dated: July 6, 2026
New York, New York

JOHN P. CRONAN
United States District Judge